UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| **IN RE Sojourner-Douglass College, Inc.** | * | Case No. 18-12191 Chapter 11 |
| | * | |
| Debtor. | * | |

* * * * * * * * * * * * * *

| | | |
|---|---|---|
| **Maryland Higher Education Commission** | * | Adversary Proceeding No. _____ |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| **Charles R. Goldstein, Chapter 11 Trustee** | * | |
| and | * | |
| **Sojourner-Douglass College, Inc.** | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

### MARYLAND HIGHER EDUCATION COMMISSION'S
### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to Federal Rule of Bankruptcy 7001, the Maryland Higher Education Commission ("MHEC" or the "Commission") respectfully files this Complaint for Declaratory and Injunctive Relief (the "Complaint") to require the Debtor, Sojourner-Douglass College, Inc. ("S-DC" or the "College"), and the chapter 11 trustee, Mr. Charles R. Goldstein (the "Trustee"), immediately to deliver to MHEC original or legible copies of the academic transcripts of all former students of the College in accordance with 28 U.S.C. § 959(b) (2012) and Md. Code

1

Ann., Educ. §§ 11-105(n) and 11-401 (2018).  In support of its Complaint, MHEC states as follows:

### Jurisdiction

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding relates to *In Re Sojourner-Douglass College, Inc.*, Case No. 18-12191, Chapter 11, U.S. Bankruptcy Court for the District of Maryland, Baltimore Division.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

### Venue

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

### Parties

5. The Debtor, S-DC, operated an institution of higher education within the State of Maryland beginning in 1972.  The College ceased academic operations in 2015 following its loss of accreditation by the Middle States Association of Colleges and Schools.

6. The chapter 11 Trustee, Mr. Charles R. Goldstein, was appointed in this case on March 29, 2018 by the United States Trustee [Doc 50].  His appointment was approved by order of the Court on March 30, 2018 [Doc 53].

7. The Commission is an agency of the State of Maryland responsible for the coordination and regulation of higher education within the State of Maryland, and for

the administration of State-based postsecondary student financial aid. *See* Md. Code Ann., Educ. §§ 10-207, 11-101, 11-105, 11-107, 11-201, 11-204, 11-206.

## Facts

8. Maryland law requires that when an institution of higher education within the State ceases operations, it "shall file with the Commission the original or legible copies of all essential records of the academic achievements of all former students of the institution." Educ. § 11-401(a).

9. The State law further specifies that the institution "shall present, as separate documents: (1) The academic record of each former student; and (2) Any other academic information usually required by institutions of postsecondary education when considering students for transfer or advanced study." § 11-401(b).

10. Maryland law mandates that the Commission "shall maintain a permanent file of all records filed with it under this section [11-401]." § 11-401(c). *See also* Educ. § 1-105(n) ("Subject to the provisions of § 11-401 of this title, the Commission shall serve as the repository for records of defunct institutions of postsecondary education.").

11. Pursuant to Educ. §§ 11-105(n) and 11-401, MHEC maintains permanent files of the academic transcripts of the former students of closed institutions of postsecondary education within Maryland, and it provides students with permanent access to copies of their academic transcripts at no cost to the students.

12. Providing transcripts to students serves the public interest by enabling students to demonstrate their academic achievements and, thus, to pursue additional studies and employment.

13. Without access to the academic transcripts that they earned, students suffer irreparable harm in that their access to education and employment is curtailed without remedy.

14. The College has not provided to MHEC the academic transcripts of all of its former students as required by Educ. § 11-401.

15. Following its closure to students in 2015, S-DC provided to MHEC, in electronic PDF format, the academic transcripts of approximately 13,000 former students of the College.

16. Upon information and belief based upon testimony of SD-C former president Dr. Charles W. Simmons during a meeting of the creditors pursuant to 11 U.S.C. § 341(a) on April 4, 2018, at least 6,000 academic transcripts of former SD-C students exist that SD-C has not yet provided to MHEC.

17. In excess of 100 former SD-C students have submitted to MHEC requests for their transcripts, and MHEC has not been able to fulfill the requests because SD-C has failed to provide those students' transcripts to MHEC.

18. Upon information and belief, the academic transcripts of the former students of S-DC currently are located within computer server(s) at 810 Park Avenue, Baltimore, Maryland, which is real property owned by S-DC.

19. Students who cannot permanently access their academic transcripts will suffer hardship in their reduced ability to seek additional higher education and employment.

20. Without an affirmative injunction requiring the College to provide the transcripts to MHEC, MHEC will be unable to fulfill the statutory duty placed upon it by the state legislature: namely, the duty under Md. Code Ann., Educ. §§ 11-105(n) and 11-401 to

act as a permanent repository of student records for defunct institutions of higher education.

21. Under Educ. § 11-107(a), the Commission may "seek an injunction or other judicial remedy for any violation of this [Education] title or of the rules and regulations adopted under this title."

22. Accordingly, MHEC files this Complaint under Bankruptcy Rule 7001 seeking the following declaratory and injunctive relief.

## Declaratory and Injunctive Relief Requested

23. The Commission incorporates paragraphs 1-22 as if fully set forth herein.

24. MHEC requests a declaratory judgment and an affirmative injunction, pursuant to 11 U.S.C. § 105(a) and the Court's inherent equitable powers, that:

   a. The costs of complying with Md. Code Ann., Educ. § 11-401 constitute administrative expenses of the bankruptcy estate pursuant to 11 U.S.C. § 503;

   b. The Debtor and Trustee immediately shall comply with Maryland law regarding academic transcripts, including Educ. § 11-401, pursuant to 28 U.S.C. § 959(b); and

   c. The Debtor and Trustee, at their sole expense and no later than 30 days after the entry of the Court's judgment in this adversary proceeding, shall cause to be filed with the Commission, each as a separate document, the original or a legible copy of each academic transcript of each former student of the College.

The Commission respectfully requests that the Court enter judgment in MHEC's favor on the declaratory and injunctive relief set forth above, and for such other relief as is just and proper.

June 13, 2018                                                        Respectfully Submitted,

*/s/ Christine M.H. Wellons*
Christine M.H. Wellons
Bar No. 27131
Assistant Attorney General
Maryland Higher Education Commission
6 North Liberty Street, 10th Floor
Baltimore, Maryland 21201
(410) 767-3313
christine.wellons@maryland.gov